IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM LLOYD NELSON,

Plaintiff,

v.

WILLIAM HONSAL; MAGGIE FLEMING; SEAN QUENCY; MELVA PARIS,

Defendants.

No. C 19-1221 WHA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this complaint against Humboldt County officials seeking the release records related to his criminal proceedings under the Freedom of Information Act ("FOIA") and the California Public Records Act. For the reasons discussed below, the complaint is **DISMISSED** for failure to state a cognizable claim for relief.

Leave to proceed in forma pauperis is granted in a separate order.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  LEGAL CLAIMS**

Plaintiff seeks records from Humboldt County officials pertaining to his state court criminal proceedings. FOIA is limited to agencies of the executive branch of the federal government. *See* 5 U.S.C. § 552(e). FOIA does not apply to requests for records from state agencies or officials, *see St. Michael's Convalescent Hosp. v. California,* 643 F.2d 1369, 1373 (9th Cir. 1981), or courts, *see Warth v. Dep't. of Justice*, 595 F.2d 521, 523 (9th Cir. 1979). Consequently, plaintiff's request under FOIA for the records he seeks must be dismissed. Having dismissed the federal cause of action, plaintiff's request under state law is dismissed without prejudice to pursuing it in state court. *See* 28 U.S.C. § 1367(c) (federal court may decline to extend supplemental jurisdiction over state law claims once the federal claims have been dismissed).

**CONCLUSION**

For the reasons set out above, this case is **DISMISSED** without prejudice to plaintiff bringing his state law claims in state court.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 25, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE